UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-35-KSF

LESLIE E. HAMILTON-HAMMANN and
SCOTT D. HAMMANN                                                                              PLAINTIFFS

v.          **OPINION & ORDER**

SUN BELT TRANSPORTATION, INC.                                                          DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Sun Belt Transportation, Inc. ("Sun Belt"), for summary judgment with respect to the claim of the Plaintiff, Scott D. Hammann, for loss of consortium. [DE # 12]  In support of this motion, Sun Belt argues that Plaintiff Scott Hammann's loss of consortium claim is untimely and is barred by the one-year statute of limitations set forth in K.R.S. 413.140(1)(a).  Plaintiff Scott Hammann has not responded to Sun Belt's motion for summary judgment on this claim.

This action arises out of an automobile accident which apparently occurred on February 11, 2004.[1]  On February 6, 2006, Plaintiffs, husband and wife, filed their Complaint against Sun Belt. In their Complaint, Plaintiff Leslie Hamilton-Hammann asserted a claim for negligence and Plaintiff Scott D. Hammann asserted a claim for loss of consortium due to the alleged injuries sustained by

---

[1] While Plaintiffs' Complaint alleges the accident took place on February 11, 2006, the Accident Report attached to Sun Belt's motion reveals that the accident actually occurred on February 11, 2004.  Inasmuch as Plaintiffs have not come forward with any evidence of a different date, the Court accepts February 11, 2004 as the correct date.

1

his wife. Sun Belt argues that while Plaintiff Leslie Hamilton-Hammann's claim for negligence is governed by the two-year statute of limitations in the Motor Vehicle Reparations Act, KRS 304.39-020, *et seq.*, Plaintiff Scott Hammann's loss of consortium claim is independent of the Motor Vehicle Reparations Act and must be brought within one year following the injury. *See Floyd v. Gray*, 657 S.W.2d 936, 939 (1983). Clearly, this action was filed more than one year after February 11, 2004.

A review Sun Belt's motion, the relevant statute of limitations, and *Floyd*, 657 S.W.2d at 939, coupled with Plaintiff Scott Hammann's failure to respond to Sun Belt's motion, reveals that summary judgment is appropriate. Accordingly, the Court, being fully and sufficiently advised, hereby ORDERS that Sun Belt's motion for summary judgment on Plaintiff Scott Hammann's claim for loss of consortium [DE # 12] is GRANTED, and Plaintiff Scott Hammann's claim for loss of consortium is DISMISSED as barred by the statute of limitations.

This the 5th day of February, 2007.



Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**